1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK E. SUNNERGREN,

Plaintiff,

v.

DARRIN BRIGHT, et al.,

Defendants.

Case No. 22-cv-00746 BLF (PR)

**ORDER OF DISMISSAL WITH
LEAVE TO AMEND**

Mr. Mark E. Sunnergren, a state prisoner, filed the instant *pro se* civil rights action
pursuant to 42 U.S.C. § 1983 regarding deficient medical care at Salinas Valley State
Prison ("SVSP"). Dkt. No. 1. In a separate order, the Court dismissed co-plaintiffs Roger
Andrew Hartley and Joseph Suess from this action. Dkt. No. 20. Accordingly, this action
is proceeding only on Mr. Sunnergren's claims, and all references to claims and allegations
regarding co-plaintiffs shall be disregarded and stricken from the complaint. The Court
shall refer to Mr. Sunnergren as "Plaintiff" for the remainder of this order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

United States District Court
Northern District of California

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.    <u>Plaintiff's Claims</u>

Plaintiff names the following as Defendants in this action: (1) Darrin Bright, Chief Physician and Surgeone at SVSP; (2) Kim Kumar, Chief Medical Executive; (3) A. Ssembajjwe ("Adams"), LVN; (4) F. Ssempebwa ("Francis"), RN; (5) A. Onemaobi-Agboli ("Ada"); (6) Chief Executive Officer (CEO) – "Cant…"; and (7) Rachel Ross, M.D.; and (8) "Does 1-100, Inclusive." Dkt. No. 1 at 2.

Plaintiff's statement of facts begins with generalized allegations against Defendant Dr. Bright and the SVSP medical staff who "disregarded class member's serious medical needs, including severe intractable pain and other medical conditions that are disabling in nature." Dkt. Noa. 1 at 3. Plaintiff claims that Dr. Bright knew that "plaintiffs were prescribed an effective regi[men] of the drug, Gabapentin, for both seizures and nerve pain" but would cancel the prescriptions "without just cause," resulting in "plaintiffs suffer[ing] seizures and severe, intractable nerve pain." *Id.* Plaintiff claims that since becoming the Chief Physician and Surgeon in 2017, Dr. Bright has used his position of authority to deny Plaintiff his needed seizure medication, Gabapentin, causing Plaintiff to "come to further harm from petit-mal and grand mal seizures, as well as 'auras.'" *Id.* at 5. Plaintiff claims he is now suffering added discomfort and pain due to Dr. Bright's actions.

*Id.* at 6.  As relief, Plaintiff seeks damages, including punitive damages, as well as injunctive and declaratory relief.  *Id.* at 4.

In support, Plaintiff attaches copies of various health care appeals regarding his treatment and excerpts from his medical file under Exhibit A.  Dkt. No. 1-1.  However, these papers involve matters from the previous decade and nothing recent from the past year or so, which raises timeliness concerns.  The documents include the following: an institutional level response dated March 1, 2018, to a grievance filed on December 26, 2017, Dkt. No. 1-1 at 2-3; a health care grievance filed on December 12, 2017, *id.* at 4-7; medical progress note dated February 24, 2012, *id.* at 8-10; a health care appeal dated March 31, 2014, *id.* at 11-12; a notice regarding a rejected grievance dated February 25, 2014, *id.* at 11; progress notes dated August 20, 2013, *id.* at 15; a health care appeal dated February 10, 2014, *id.* at 18-19; a non-formulary drug request dated February 26, 2014, *id.* at 20; health care appeal assignment notice at the first level of appeal dated October 26, 2016, *id.* at 21; a health care appeal dated October 21, 2016, *id.* at 22-23; a reasonable accommodation request dated September 2, 2016, *id.* at 24-25; a response to the reasonable accommodation request dated September 16, 2016; a rejection notice regarding an appeal, dated September 19, 2016, *id.* at 28; more responses to a reasonable accommodation request, dated August 30, 2016, and April 22, 2016, *id.* at 29-30; a reasonable accommodation request dated August 7, 2018, *id.* at 32-33; a health care services, physician request for services dated August 30, 2017, *id.* at 35; inmate health care appeal dated March 31, 2014, *id.* at 39-40; and a health care services, physician request for services dated January 20, 2019, *id.* at 41.

Liberally construed, Plaintiff is attempting to state an Eighth Amendment claim based on deliberate indifference to serious medical needs.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v.*

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    *Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*).  A determination of a "deliberate

2    indifference" claim involves an examination of two elements: the seriousness of the

3    prisoner's medical need and the nature of the defendant's response to that need.  *Id.* at

4    1059.

5         Regarding the first element, a serious medical need exists if the failure to treat a

6    prisoner's condition could result in further significant injury or the "unnecessary and

7    wanton infliction of pain."  *Id.* The existence of an injury that a reasonable doctor or

8    patient would find important and worthy of comment or treatment, the presence of a

9    medical condition that significantly affects an individual's daily activities, or the existence

10   of chronic and substantial pain are examples of indications that a prisoner has a serious

11   need for medical treatment.  *Id.* at 1059-60.  With regards to the second element, a prison

12   official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk

13   of serious harm and disregards that risk by failing to take reasonable steps to abate it.

14   *Farmer* at 837.  The prison official must not only "be aware of facts from which the

15   inference could be drawn that a substantial risk of serious harm exists," but "must also

16   draw the inference."  *Id.*  If a prison official should have been aware of the risk, but did not

17   actually know, the official has not violated the Eighth Amendment, no matter how severe

18   the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

19        Plaintiff's complaint fails to state sufficient facts to support a deliberate indifference

20   claim against any of the named Defendants.  Assuming he had a serious medical need,

21   nowhere in the complaint does Plaintiff allege that any Defendant was subjectively aware

22   that he specifically was facing a substantial risk of serious harm and disregarded that risk

23   by failing to take reasonable steps to abate it.  In fact, he does not mention any of the

24   named defendants in his statement of facts, except for Dr. Bright.  Furthermore, the

25   allegations against Dr. Bright are also insufficient as they are mostly generalized as to all

26   "plaintiffs."  This is not sufficient to state an individualized claim by Plaintiff.

27   Furthermore, there is no allegation that Dr. Bright was aware that by cancelling Plaintiff's

28                                          4

United States District Court
Northern District of California

Gabapentin medication, Plaintiff would face a substantial risk of harm and took no reasonable steps to abate it.  Rather, Plaintiff asserts that Dr. Bright "knew or should have known" that his actions were below the acceptable standard of care.  Dkt. No. 1 at 6.  However, a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment.  *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002);  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff shall be granted leave to amend to file an amended complaint that sets forth sufficient facts to state a § 1983 claim against each named Defendant.  Plaintiff must also limit the allegations in the complaint to his own medical treatment, and not that of any other prisoner.  Lastly, Plaintiff should focus on more recent actions by Defendants that amount to deliberate indifference to his serious medical needs to ensure his claims are timely under California law.  In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions.[1]

In preparing an amended complaint, Plaintiff should keep the following in mind.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

---

[1] California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a).  The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.*

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, Case No. 22-00746 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.      **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3.      The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  __June 16, 2022_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.22\00746Sunnergrent_dwlta

6