1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10

11     MARK E. SUNNERGREN,                       Case No. 22-cv-00746 BLF (PR)

                  Plaintiff,
12                                                **ORDER OF DISMISSAL WITH**
                                                  **LEAVE TO AMEND**
13             v.

14

15     DARRIN BRIGHT, et al.,

                  Defendants.
16

17

18           Mr. Mark E. Sunnergren, a state prisoner, filed the instant *pro se* civil rights action

19     pursuant to 42 U.S.C. § 1983 regarding deficient medical care at Salinas Valley State

20     Prison ("SVSP").  Dkt. No. 1.  The Court dismissed the complaint with leave to amend, to

21     correct deficiencies in his attempt to state an Eighth Amendment claim.  Dkt. No. 22.

22     Plaintiff filed a first amended complaint ("FAC").  Dkt. No. 24.

23

24                                        **DISCUSSION**

25     A.      **Standard of Review**

26           A federal court must conduct a preliminary screening in any case in which a

27     prisoner seeks redress from a governmental entity or officer or employee of a

28     governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

United States District Court
Northern District of California

United States District Court
Northern District of California

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.**   **Plaintiff's Claims**

In the FAC, Plaintiff names the following as Defendants: (1) Darrin Bright, Chief Physician and Surgeon at SVSP; (2) Kim Kumar, Chief Medical Executive; (3) Chief Executive Officer (CEO) – "Cantu"; (4) "Gates," the Chief of California Correctional Health Care Services ("CCHCS") at Sacramento and Headquarters Level appeal responses; and (8) Doe Defendants.  Dkt. No. 24 at ¶¶ 8-12.

Plaintiff's statement of facts begins with the general allegation that "Defendant's practices, acts, omissions, policies and/or regulations or underground policies…have caused Plaintiff to be injured, wrongfully denied adequate medical care, slandered, and retaliated against."  *Id.* at ¶ 15.  Plaintiff claims such acts were done with deliberate indifference to his serious medical needs and in retaliation for filing grievances.  *Id.*  Plaintiff claims Defendant acted without due process of law and in violation of State and Federal laws.  *Id.*  As relief, Plaintiff seeks damages, including punitive damages, as well as injunctive and declaratory relief.  *Id.* at ¶ 35.

Plaintiff claims he has been treated for seizures and nerve pain with an anti-convulsant drug, Gabapentin.  *Id.* at ¶ 17.  In 2012, Plaintiff had an argument with Defendant Bright, who was the "ADA Doctor for SVSP at the time."  *Id.* at ¶ 18.  In 2014, Defendant Bright was promoted to "CP&S."  *Id.* at ¶ 19.  When Plaintiff's annual renewal for Gabapentin came up, Plaintiff claims Defendant Bright discontinued it "with evil

intent." *Id.* Defendant CME Kumar and Dr. Salmi overrode Defendant Bright's decision, and restored the Gabapentin. *Id.* at ¶ 20. Defendant Bright was transferred to another facility for a time, but when he later returned to SVSP, he retaliated against Plaintiff by stopping his Gabapentin. *Id.* at ¶ 21. He did so again in 2019. *Id.* at ¶ 22. Plaintiff claims that as a result of Defendant Bright's retaliatory acts, he suffered several seizures, hitting his head and injuring his neck, back, and possibly a brain injury. *Id.* at ¶ 23. He also suffers from vertigo, panic attacks, anxiety, and migraine headaches, due to that head injury. *Id.* at ¶ 24. Plaintiff claims that in 2019, Defendant Kumar assured him that Defendant Bright "would no longer be in charge of authorizing or taking away medications that were being prescribed by yard doctors." *Id.* at ¶ 26. Plaintiff claims that this stopped Defendant Bright's "reign of terror" but the retaliation continued "with several incidents of discrimination by SVSP medical staff and Doe Defendants." *Id.* For example, Plaintiff complained for months about severe pain in his back, and Defendant Bright would refuse an MRI. *Id.* at ¶ 31. Eventually, an MRI at a hospital showed "severe disease all throughout his spine." *Id.*

Liberally construed, Plaintiff is attempting to state an Eighth Amendment claim based on deliberate indifference to serious medical needs. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). A determination of a "deliberate indifference" claim involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059. A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer* at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but

"must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Assuming Plaintiff's alleged medical conditions amount to a serious medical need, the FAC contains sufficient allegations to support an Eighth Amendment claim against Defendant Bright. However, there are insufficient facts to support an Eighth Amendment claim against any of the other named Defendants. For example, the allegations involving Defendant Kumar do not indicate that this defendant acted with deliberate indifference to Plaintiff's medical needs. Rather, Defendant Kumar assured Plaintiff at one point that Defendant Bright would no longer be interfering with prescriptions issued by yard doctors, which does not indicate a failure to take reasonable steps to abate a substantial risk of serious harm. *See supra* at 3. Furthermore, nowhere in his statement of facts does Plaintiff even mention Defendants "Cantu" or "Gates," or make specific factual allegations against them. Lastly, Plaintiff also refers to other Defendants who allegedly were "cronies" of Defendant Bright and were involved in a "pattern of abuse." Dkt. No. 24 at ¶¶ 28, 29. However, there are no specific factual allegations explaining their involvement in Plaintiff's medical treatment which would amount to deliberate indifference.

Secondly, Plaintiff's allegations, liberally construed, are sufficient to state a retaliation claim against Defendant Bright for his adverse actions against Plaintiff for filing medical grievances which chilled his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). However, the allegations are again deficient to support a retaliation claim against any other named Defendant.

Lastly, Plaintiff asserts that his right to due process was violated and that Defendant's actions violated "State and Federal laws." *See supra* at 2. However, Plaintiff's allegations do not implicate his due process rights as there is no indication that he was deprived of a liberty interest which was procedurally protected. *See Sandin Conner*, 515 U.S. 472, 484 (1995). Nor will the Court liberally construe the FAC as

United States District Court
Northern District of California

stating a violation of state laws in general. Plaintiff must specifically identify the relevant state law such that the Court can determine whether supplemental jurisdiction is appropriate under 28 U.S.C. § 1367.

Plaintiff shall be granted one more opportunity to file a second amended complaint that sets forth sufficient facts to state a § 1983 claim against each named Defendant. Plaintiff is again reminded to focus on more recent actions by Defendants that amount to deliberate indifference to his serious medical needs to ensure his claims are timely under California law. In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions.[1]

In the alternative, Plaintiff may opt to strike all other defendants and claims from the FAC and proceed solely on the cognizable claims against Defendant Bright.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended complaint to correct the deficiencies described above. The second amended complaint must include the caption and civil case number used in this order, Case No. 22-cv-00746 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The second amended complaint supersedes the original and FAC, these being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002,

---

[1] California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.*

1008 (9th Cir. 2015).  Consequently, claims not included in the second amended complaint are no longer claims and defendants not named are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

      2.      **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of the claims against all other defendants, except for Defendant Bright, for failure to state a claim without further notice to Plaintiff.  This action will then proceed solely against Defendant Bright on the Eighth Amendment and retaliation claims against him.**

      3.      The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

      **IT IS SO ORDERED.**

**Dated:  __January 3, 2023_____**

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.22\00746Sunnergrent_dwltaFAC

6